# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-28-RJC-DSC

| | |
|---|---|
| ATLANTIC BROADBAND FINANCE, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUINOX GLOBAL TELECOMMUNICATIONS, INC. and LADONNA MARTIN, )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER** comes before the Court sua sponte. On January 15, 2016, Plaintiff Atlantic Broadband Finance, LLC ("Plaintiff") commenced this action against Defendants Equinox Global Telecommunications, Inc. and Ladonna Martin (collectively, "Defendants"), alleging breach of contract under North Carolina law. (Doc. No. 1). On February 5, 2016, Plaintiff filed a Motion for Preliminary Relief, seeking preliminary orders of attachment, a preliminary injunction, and a preliminary order of garnishment. (Doc. No. 6).

Before the Court may consider Plaintiff's Motion for Preliminary Relief or schedule an evidentiary hearing thereon, the Court must be satisfied that it has subject matter jurisdiction over this matter. It the Complaint, Plaintiff stated that it "is a limited liability company organized under the laws of Delaware with its principal office and place of business [in] . . . Massachusetts." (Doc. No. 1: Complaint ¶ 1). Plaintiff further states that this Court "has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000." (Id. ¶ 6).

A federal court has an independent duty to determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the Court is obligated to consider its subject matter jurisdiction sua sponte. Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) ("[The Court has] an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte."). In general, if subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3). To invoke the Court's diversity jurisdiction, a plaintiff must allege complete diversity of citizenship, which exists only when no party shares common citizenship with any party on the other side. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). The burden of demonstrating subject-matter jurisdiction lies with the party asserting it. Id. at 88.

The citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121–22 (4th Cir. 2004). In other words, the citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members. Therefore, in order to establish at the pleading stage its citizenship as a limited liability company, Plaintiff must allege the identities and citizenship of each of its members, defined as holding an equity interest in the LLC. Citizenship of each member must be alleged to insure that complete diversity exists in this action. The Court must be apprised of the identities of all members and their state(s) of citizenship for diversity purposes on the date this action was commenced, January 15, 2016. Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) ("In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced . . . .").

Consequently, prior to entertaining Plaintiff's Motion for Preliminary Relief, the Court

must ascertain whether it has subject matter jurisdiction. Absent subject matter jurisdiction, the Court is barred from proceeding with the action and must dismiss it. Plaintiff has the burden of pleading adequate facts to establish diversity of citizenship between Plaintiff and all Defendants. Plaintiff has failed to plead sufficient facts to establish its own citizenship. Specifically, Plaintiff must allege the identity and citizenship of each member of each limited liability company that is a party to this action. Under the governing law, the requisite complete diversity would be lacking if any one member of the Plaintiff LLC and any Defendant are citizens of the same state.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall amend its Complaint and/or file an affidavit(s) to make a prima facie showing of complete diversity of citizenship within **fourteen (14) days** of this Order. All case deadlines, including Defendants' time within which to answer or move with respect to the Complaint, are stayed pending Plaintiff's amendment of the Complaint or other response to this Order. All proceedings are stayed, including Plaintiff's Motion for Preliminary Relief, (Doc. No. 6). If, upon review of an amended complaint or other filing, the Court determines that it possesses subject matter jurisdiction, the action will proceed, and the Court will address Plaintiff's Motion for Preliminary Relief. Alternatively, if subject matter jurisdiction is lacking, the case will necessarily be dismissed without prejudice.

It is further **ORDERED** that Plaintiff shall submit a proposed order granting Plaintiff's Motion for Preliminary Relief, (Doc. No. 6), for the Court's consideration. Pursuant to Local Civil Rule 7.1(G), the proposed order must be submitted as a Word document through cyberclerk. The Court directs Plaintiff to also file the proposed order as a miscellaneous document through the Court's Electronic Case Filing system ("ECF").

Signed: February 22, 2016

Robert J. Conrad, Jr.
United States District Judge