UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-28-RJC-DSC

| ATLANTIC BROADBAND FINANCE, LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| EQUINOX GLOBAL TELECOMMUNICATIONS, INC. and LADONNA MARTIN, | ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Preliminary Relief (the "Motion"), (Doc. No. 6), which is filed pursuant to Rule 64 and 65 of the Federal Rules of Civil Procedure. Having considered the record, Plaintiff's arguments, and the applicable authority, the Court finds that Plaintiff's Motion should be **granted**.

I. BACKGROUND

Defendants Equinox Global Telecommunications, Inc. ("Equinox") and Ladonna Martin aka Ladonna Denyse Martin ("Martin") (collectively, "Defendants") have either avoided service of process or intentionally failed to maintain current contact information with the registered agent for Equinox, and have not responded to the Complaint or the Motion, such that noticing this matter for hearing is not necessary or possible and this matter must be considered ex parte.

Plaintiff seeks an order granting it a prejudgment attachment under Article 35 of Chapter 1 of the North Carolina General Statutes, which may be considered by this Court under Rule 64 of the Federal Rules of Civil Procedure. Plaintiff requests that the order grant specific relief as

follows:

a. A prejudgment Order of Attachment, freezing up to the amount of $445,224.00, found in any bank account in the name of Equinox Global Telecommunications, Inc.;

b. A prejudgment Order of Attachment, freezing up to the amount of $445,224.00, found in any bank account using the Employer Identification Number ("EIN") 46-xxx6281;[1]

c. A prejudgment Order of Attachment, freezing up to the amount of $445,224.00, found in any bank account using the EIN 46-xxx8507;

d. A preliminary injunction ordering Equinox Global Telecommunications, Inc. to cease the transfer of any assets to any person or entity, and to report to the Court what assets it maintains (with the name of each financial institution, account number, and name(s) of the owner(s) of the account); and,

e. A preliminary Order of Garnishment directed to SunTrust Bank, ordering it to pay to the U.S. Marshal up to the amount of $445,224.00 from any and all bank accounts in which Defendant Equinox or Defendant Martin is owner, or from any bank account using either EIN 46-xxx6281 or EIN 46-xxx8507.

## II. DISCUSSION

Article 35 of Chapter 1 of the North Carolina General Statutes sets out the grounds and procedures for attachment. Under North Carolina General Statute §1-440.2, "[a]ttachment may be had in any action the purpose of which, in whole or in part, or in the alternative, is to secure a judgment for money . . . ." North Carolina General Statute § 1-440.3 sets out the grounds for

---

[1] The Court incorporates by reference herein Plaintiff's document filed under seal, (Doc. No. 15), that lists the full Employer Identification Numbers ("EIN") for which all bank accounts are to be frozen. Each redacted EIN contained in this Order shall refer to Doc. No. 15 for the unredacted number.

attachment. Where a money judgment is sought:

> an order of attachment may be issued when the defendant is
> (1) A nonresident, or
> (2) A foreign corporation, or
> (3) A domestic corporation, whose president, vice-president, secretary or treasurer cannot be found in the State after due diligence, or
> (4) A resident of the State who, with intent to defraud his creditors or to avoid service of summons,
>     a. Has departed, or is about to depart, from the State, or
>     b. Keeps himself concealed therein, or
> (5) A person or domestic corporation which, with intent to defraud his or its creditors,
>     a. Has removed, or is about to remove, property from this State, or
>     b. Has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property.

N.C. Gen. Stat. §1-440.3.

Based upon the matters before the Court, and with good cause appearing, the Court finds as follows:

1. There is complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000, excluding interest and costs; therefore, the Court has subject matter jurisdiction to consider the Motion.

2. Defendant Equinox, through its owner, Ladonna Martin, secured nearly half a million dollars from Plaintiff and allegedly has performed little or no work on a large fiber optic project.

3. In this diversity action, Plaintiff seeks a money judgment of $445,224 from both Defendant Equinox and Defendant Martin.

4. Defendant Equinox has provided six or more different addresses for its location, only two of which have been verified by Plaintiff as actual business addresses (versus rented mailboxes, or completely bogus addresses), and both of the actual business addresses are

believed by Plaintiff to have been occupied for brief periods of time before Defendant Equinox stopped paying rent to its landlords.

5. Telephone numbers provided by Defendant Equinox are "no longer in service," and messages left on Defendant Martin's cell phone number are not returned.

6. In a December 2015 telephone conversation with Plaintiff's counsel, Defendant Martin refused to state where Defendant Equinox was located, refused to provide an address for herself or for Defendant Equinox, and refused to state what had happened to the monies Plaintiff had wired to Defendant Equinox.

7. Through a telephone conversation with a property management company for another Charlotte building, 6000 Fairview Road, Plaintiff's counsel learned that Defendant Equinox was not and had not been a tenant – despite that its Articles of Incorporation list that "6000 Fairview Road, Suite 100, Charlotte" as its location. The property management company indicated that there was "not a Suite 100; it doesn't exist."

8. Through a telephone conversation with a tenant of 9115 Harris Corners Parkway, a building in Charlotte, North Carolina in which Defendant Equinox was a tenant, Plaintiff's counsel learned that Defendant Equinox was only there "for a very short time."

9. Through a telephone conversation with George Batkis, a resident of Wake County, North Carolina, Plaintiff's counsel learned that Defendant Equinox had leased office space from him, that he had upfitted the space, that Defendant Equinox had moved in, operated for a short period, not paid rent, and moved out with no notice.

10. Defendant Martin has been connected, often as president, with numerous defunct businesses, including: Sphinx Global Networks, Inc., Achelea Global Networks, Inc., Mai Taht Mai, Inc., Mai Taht Mai Telecom, Inc., Mai Taht Mai Business Consulting

Services, Inc., M.T.M. School of Advanced Technology & Arts, Inc., Cablexuest Telecom, Inc., FiberQwest, Inc., and FQT Networks & Network Operations Center, Inc.

11. Defendant Martin continues to hide her location from Plaintiff, and there is no business location for Defendant Equinox.

12. It appears that Defendant Martin has directed some or all of Plaintiff's funds to her personal use and possibly to a personal bank account.

13. To the extent it exists at all, Defendant Equinox is a "domestic corporation, whose president, vice-president, secretary or treasurer cannot be found in the State after due diligence."

14. Defendant Martin is a "resident of the State who, with intent to defraud her creditors or to avoid service of summons, has departed, or is about to depart, from the State, or keeps herself concealed therein.

15. Defendant Equinox and Defendant Martin each is a "person or domestic corporation which, with intent to defraud [her] or its creditors, has removed, or is about to remove, property from this State, or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property."

III. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Preliminary Relief, (Doc. No. 6), is **GRANTED**.
2. Plaintiff is, therefore, entitled to the following preliminary relief:
   a. A prejudgment Order of Attachment, freezing up to the amount of $445,224.00, found in any bank account in the name of Equinox Global Telecommunications, Inc.

b. A prejudgment Order of Attachment, freezing up to the amount of $445,224.00, found in any bank account using the EIN 46-xxx6281.

   c. A prejudgment Order of Attachment, freezing up to the amount of $445,224.00, found in any bank account using the EIN 46-xxx8507.

   d. A preliminary injunction ordering Equinox Global Telecommunications, Inc. to cease the transfer of any assets to any person or entity, and to report to the Court what assets it maintains (with the name of each financial institution, account number, and name(s) of the owner(s) of the account); and

   e. A preliminary Order of Garnishment directed to SunTrust Bank ordering it to pay to the U.S. Marshal up to the amount of $445,224.00 from any and all bank accounts in which Defendant Equinox or Defendant Martin is an owner, or from any bank account using either EIN 46-xxx6281 or EIN 46-xxx8507.

3. Plaintiff is hereby ordered to secure a bond in the face amount of $1,000.00 to cover Defendants' costs or damages should it later be determined that Defendants were wrongly enjoined.

4. Plaintiff's counsel shall be permitted to provide a copy of this Order along with additional information regarding Defendants, along with any appropriate forms used under North Carolina attachment statutes and procedures, in order to discover whether and where assets of Defendants may be found so that they may be attached.

Signed: March 29, 2016

_____
Robert J. Conrad, Jr.
United States District Judge