| | | |
|---|---|---|
| ATLANTIC BROADBAND FINANCE, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| EQUINOX GLOBAL | ) | |
| TELECOMMUNICATIONS, INC. and | ) | |
| LADONNA MARTIN, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Atlantic Broadband Finance, LLC's ("Plaintiff's") Motion for Default Judgment against Equinox Global Telecommunications, Inc. and Ladonna Martin ("Defendants"). (Doc. No. 20).

## I. BACKGROUND

### A. Procedural Background

Plaintiff filed its Complaint on January 15, 2015. (Doc. No. 1). Defendants were served on January 26, 2016. (Doc. No. 5). On February 5, 2016, Plaintiff filed a Motion for Preliminary Relief. (Doc. No. 6). Defendants failed to respond to Plaintiff's motion, which the Court then granted on March 29, 2016. (Doc. No. 16). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants had until February 19, 2016, to file an Answer to Plaintiff's Complaint. Defendants failed to file an answer or otherwise make an appearance in this case. Accordingly, on July 13, 2016, this Court ordered Plaintiff to file a Motion for Entry of Default. (Doc. No. 17). Default was entered by the Clerk of the Court on July 26, 2016. (Doc. No. 19). On March 9, 2017, Plaintiff filed its Motion for Default Judgment. (Doc. No. 20).

B.  Factual Background

In May of 2014, Plaintiff entered into an agreement with Defendant Equinox whereby Equinox would provide a fiber optic system for Plaintiff's use throughout parts of South Carolina and Georgia. (Doc. No. 1 ¶8).  Plaintiff states that Equinox held itself out as a legitimate business, even going so far as referring to its legal department and accounts receivable within the parties' contract. (Id. ¶11).  Equinox also represented that it had, or would have, secured by the committed delivery date all rights, licenses, contracts, vendor consents, permits, authorizations, franchised, rights of way easements, colocation agreements, leases, and other approvals needed in order to allow Plaintiff to own and maintain an uninterrupted use of the fiber optic system. (Id. ¶12).  In the course of this contract, Defendant sent Plaintiff an invoice for $428,100 which Plaintiff paid in June of 2014. (Id. at 1).  Then, following a subsequent invoice received from Equinox, Plaintiff paid an additional $17,124 in February of 2015. (Id. ¶¶26–27).

Pursuant to this contract, Plaintiff states that it paid the above two installments to Equinox, who then breached the contract by failing to build the fiber optic system. (Id. ¶40).   In fact, Plaintiff alleges that Defendant Martin, the sole owner of Equinox, misrepresented that it made progress in establishing the system when in fact none had been made.  After several delays, Martin represented to Plaintiff over a telephone conference that three colocation sites had been completed. (Id. ¶18).  Plaintiff sought proof of this assertion and told Martin it would send an agent from Pennsylvania to South Carolina to meet Martin. (Id. ¶19).  However, Plaintiff's agent was unable to contact or locate Martin once he arrived. (Id. ¶20).

After the failed South Carolina visit, Plaintiff's agent met with Martin in Charlotte, North Carolina in early 2015. (Id. ¶22).  The meeting took place in what Plaintiff characterizes as a rented conference room with no evidence of Equinox's logo or general operation. (Id.).  During

this meeting, Martin confessed that the three colocation sites were in fact not completed. (Id. ¶24).

In February of 2015, Martin contacted Plaintiff and requested additional funds due to permitting issues which required a different route for the fiber optic cable that was to be laid. (Id. ¶26). It was then that Plaintiff sent their second installment of $17,124. (Id. ¶26–27). Martin directed this second installment to a different address than she previously used. She also used a new tax identification number. (Id. ¶27). Plaintiff has since learned that the new address is actually a rented UPS mailbox located at a retail store. (Id. ¶28).

Plaintiffs now allege that Equinox failed to perform its duties under the above contract. In fact, Plaintiffs allege that Defendant Martin, the owner of Equinox, misused the company by operating it as an alter ego, failing to either follow corporate formalities or adequately capitalize it. (Id. ¶43). To support this claim, Plaintiff alleges the following:

> On March 12, 2015, Defendant Martin swore under oath in an application submitted to the Tennessee Regulatory Authority [ ] that the address of Defendant Equinox was 1017 Morrisville Parkway, Morrisville, NC 27561 [ ]. Upon information and belief, Defendant Martin executed a lease for Defendant Equinox, then failed to pay the landlord and without notice deserted the space.
>
> In the same TRA Application, Defendant Martin attached a document with a 3/10/2015 time stamp from the State of Tennessee Secretary of State. This document showed the 'Principa1 Address' of Defendant Equinox as l2O4 Village Market Pl. #278, Morrisville, NC 27560-7508 (the "Vi1lage Market/Morrisville Address" ).
>
> Two months later, the Village Market/Morrisville Address was listed as the 'principal office' of Defendant Equinox on its Business Corporation Annual Report filed 5/11/2015 with the North Carolina Secretary of State a for the fiscal year end 12/31/2014 (the '2014 Annual Report') .
>
> The addresses for Defendant Martin were likewise listed as the Village Market/Morrisville Address on the 20L4 Annual Report, filed 5/11/2015.
>
> The Village Market/Morrisville Address is a rental mailbox located

at a UPS retail location.

(Id. ¶¶29–33).

Furthermore, Plaintiff points to findings of the North Carolina Utilities Commission filing. In August of 2013, Equinox filed an application for a Certificate of Public Convenience and Necessity. (Id. ¶34). In this application, Martin stated that Equinox had offices in North Carolina and several other states and is in the process of hiring 200 individuals to fill many of its positions. (Id.). Plaintiffs state that Martin then provided additional information upon inquiry:

> Defendant Equinox did 'not have a need for investors or lenders;'
> Defendant Martin was the 'sole owner and operator of [Defendant Equinox] ;'
>
> There were no other officers of Defendant Equinox;
>
> There were no other members of the board of directors of Defendant Equinox, however '[t]here will be the appointing of twelve (12) board members;'
>
> Defendant Equinox's calculations for projected cash flows could not be confirmed '[d]ue to Non-Disclosure Agreement [s] currently signed with customers;'
>
> Defendant Equinox had 'recently hired a CPA firm that will be providing financials;'
>
> Defendant Equinox 'currently has twenty-five (25) employees and expanding to 200 employees;'
>
> Defendant Equinox offers its employees 'an array of benefits and above average compensation packages;' and
>
> 'We have also done a multitude of installations involving metro and local area networks as well as FTTx projects.'

(Id. ¶35). The NCUC thereafter canceled the Equinox's Certificate on October 22, 2014. (Id. ¶36). In a letter requesting reinstatement of its NCUC Certificate, Equinox claimed to have changed its address but failed to specify what its new address was. When ordered to provide its

new address, Equinox gave the UPS rental address mentioned above.  (Id. ¶¶37–38).

## II.  STANDARD OF REVIEW

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); Weft, Inc. v. GC Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (citations omitted); see also FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  Nevertheless, the defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."  Ryan, 253 F.3d at 780 (citations omitted); see also E.E.O.C. v. Carter Behavior Health Servs., Inc., No. 4:09-cv-122-F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011).  Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought.  See Ryan, 253 F.3d at 780 (citing Weft, 630 F. Supp. at 1141); DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) ("'[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law'") (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); Arista Records, LLC v. Gaines, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its

discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Entry of default judgment is left to the sound discretion of the trial court. Duke Energy Carolinas, LLC v. BlackRock Coal, LLC, No. 3:11-cv-616-RJC-DSC, 2012 WL 1067695 (W.D.N.C. Mar. 29, 2012) (granting default judgment in the plaintiff's favor after finding that service of the complaint and summons on defendant was sufficient yet defendant failed to defend); CF Cloninger Trucking IL Inc. v. SourceOne Group, Inc., No. 3:08-cv-00320-FDW, 2009 WL 35191 (W.D.N.C. Jan. 5, 2009) (granting default judgment when defendant failed to defend complaint). Accord Lawbaugh, 359 F.Supp.2d at 421 (granting default judgment for permanent injunction, disgorgement and a civil monetary penalty where defendant failed to answer complaint alleging securities fraud and misappropriation). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, see Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir.1974), trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

If the court finds that liability is established, it must then determine damages. Carter Behavior Health, 2011 WL 5325485, at *4 (citing Ryan, 253 F.3d at 780–81; Gaines, 635 F. Supp. 2d at 416–17). The court must make an independent determination regarding damages, and cannot

accept as true factual allegations of damages.  Id. (citing Lawbaugh, 359 F. Supp. 2d at 422).

While the court may conduct an evidentiary hearing to determine damages, it is not required to do

so, but may rely instead on affidavits or documentary evidence in the record to determine the

appropriate sum.  See EEOC v. CDG Mgmt., LLC, No. RDB-08-2562, 2010 WL 4904440, at *2

(D. Md. Nov. 24, 2010) (citations omitted); EEOC v. North Am. Land Corp., No. 1:08-cv-501,

2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010).

### III. DISCUSSION

Plaintiff's Motion for Default Judgment fails to attach a supporting brief.  The Local Rules

state:

> A brief must be filed contemporaneously with the motion, except no
> brief is required to support timely motions for admissions *pro hac vice*,
> extensions of time, continuances, or early discovery. Supporting
> exhibits must be attached as appendices as specified in the
> Administrative Procedures. Factual contentions must be supported as
> specifically as possible by citation to exhibit number and page.

LCvR 7.1(c).  Instead, Plaintiff merely supplies the Court with a motion underlying what it wishes

this Court to find and accompanies it with a declaration and proposed order. (Doc. No. 20, 20-1,

20-2).   Plaintiff is not entitled to default as a matter of right. The Court must determine whether

the well-pleaded allegations in the complaint support the relief sought.  Ryan v. Homecomings

Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).  Accordingly, Plaintiff must submit a brief

addressing its allegations and their sufficiency to establish the causes of action it alleges.

Even if Plaintiff submitted their proper brief and the Court found that liability has been

sufficiently established through well-pleaded allegations, the Court would then turn to damages.

Upon review of the record, however, Plaintiff presents insufficient documentary evidence to

support its sought-after relief.

While the Court may accept as true factual allegations within the complaint in regard to

Defendants' liability, it may not do so for the calculation of damages. Maloney v. Disciples Ltd., LLC, No. 1:06CV00124, 2007 WL 1362393, at *1 (M.D.N.C. May 8, 2007). See also FED. R. CIV. P 8(b)(6). The Court notes that Plaintiff alleges a concrete amount of money that may be proven through documentary evidence. This renders an evidentiary hearing unnecessary. FED. R. CIV. P. 55(b)(1). A review of Plaintiff's contract with Defendant, however, shows that payment terms were defined by subsequent invoices sent from Defendant to Plaintiff. (Doc. No. 1-1 at §4(a)–(b)). Therefore, the contract itself does not make apparent the amount of damages owed to Plaintiff.

In support of its determination of damages, Plaintiff submits to the Court the declaration of Thomas J. Gunerman, Assistant General Counsel for Plaintiff, who states that "Plaintiff wired $428,100 to Defendant Equinox's at the instruction of Defendant Martin" and that "[s]ubsequently, in February of 2015, a check for $17,124.00 was sent to pay a new invoice at the request of Defendant Martin." (Doc. No. 20-1 ¶6). The Court finds this affidavit alone is insufficient to award Plaintiff $445,224.00.

While damages may be proven through affidavits, courts have found that conclusory affidavits stating an amount of money owed are not sufficient. However, when affidavits are supported by other documents, such as invoices, the Court has found sufficient grounds to grant the relief sought by the moving party. In Trustees of the Operating Engineers Tr. Fund v. Dominion Caisson Corp., the court found an affidavit insufficient where a declarant "asserted, in conclusory fashion, the amounts she believes are owed to Plaintiffs." No. CIV.A. DKC 10-0227, 2010 WL 1713999, at *3 (D. Md. Apr. 27, 2010). The court then pointed to Laborers' Dist. Council Pension v. E.G.S., Inc. for an example of a sufficient affidavit—one that was supported by further documentation. In Laborers' Dist. Council Pension, the plaintiff submitted a declaration of an

Executive Vice President, which stated the amount owed, how that sum was reached, and attached copies of relevant agreements.  No. CIV WDQ-09-3174, 2010 WL 1568595, at *4 (D. Md. Apr. 16, 2010).  See also Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc., No. CIV. 6:09CV00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (featuring an affidavit of amounts owed which attached electronic records illustrating payment history and outstanding balances).  Here, the attached affidavit gives a mere conclusory statement of the amount sent to Defendants and Plaintiff attached a contract that gives no hint at what Defendant actually invoiced Plaintiff.  Therefore, the Court cannot conclude without additional evidence that Plaintiffs are in fact entitled to $ 445,224.00.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED THAT** Atlantic Broadband Finance, LLC's Motion for Default Judgment, (Doc. No. 20), is **DENIED without prejudice to renewal**.  Plaintiffs should submit another motion accompanied by: (1) a supporting brief connecting their allegations to the causes of action they are meant to support; and (2) further documentary evidence illustrating the amount Plaintiff sent to Defendants in pursuant to their contract.

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge